# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) WAGNER & LYNCH, PLLC, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. CIV-23-226-GLJ ) |
| (1) GREAT LAKES INSURANCE, SE, | ) *Removed from the District Court of* ) *Latimer County, Oklahoma* ) *Case No. CJ-2023-18* |
| Defendant. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Rule 38(b) of the Federal Rules of Civil Procedure, and LCvR 81.2 of the Local Court Rules for the United States District Court for the Eastern District of Oklahoma, Defendant Great Lakes Insurance, SE ("Great Lakes"), hereby removes the above-captioned action pending in the District Court of Latimer County, State of Oklahoma, Case No. CJ-2023-18, in which court this case is currently pending, to the United States District Court for the Eastern District of Oklahoma. In support of this Notice of Removal, Defendant states the following:

### Procedural History and Plaintiff's Allegations

1.  On May 10, 2023, Plaintiff Wagner & Lynch, PLLC ("Plaintiff") initiated this lawsuit against the Defendant in the District Court of Latimer County, State of Oklahoma, by filing their Petition captioned as *Wagner & Lynch, PLLC v. Great Lakes Insurance, SE.*, CJ-2023-18 (the "State Court Action").

2.     In accordance with 28 U.S.C. § 1446 (a) and LCvR 81.2, a true and accurate copy of the OSCN Docket Sheet from the State Court Action as well as true and accurate copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as follows:

(a)     Exhibit 1: State Docket Sheet

(b)     Exhibit 2: Original Petition

3.     On May 10, 2023, Plaintiff caused summons to be issued in the State Court Action. *See* OSCN Docket Sheet, Ex. 1 hereto. Great Lakes received Plaintiff's Petition on June 7, 2023. Defendant was properly served with the Summons and Petition on June 27, 2023, though no proof of service was filed by Plaintiff. *Id.* Based upon the date of receipt, Great Lake's responsive pleading deadline is currently set for July 14, 2023, under FRCP 81(c)(2).

4.     In the Petition, Plaintiff asserts the breach of the duty of good faith and fair dealing ("bad faith") against Great Lakes along with breach of the contract for insurance. *See generally* Pet., Ex. 2 hereto. In particular, Plaintiff alleges "bad faith" regarding a 2022 water loss claim made by Plaintiff under a commercial property insurance policy issued by Defendant Great Lakes. *Id.* at ¶¶ 5-6.

## Timeliness of Removal

5.     Plaintiff sent Summons to the law firm of Mendes & Mount in New York and to the Oklahoma Insurance Commissioner.

6.     Mendes & Mount received the Summons and Petition on June 7, 2023, while the Oklahoma Insurance Commissioner received the Summons and Petition on June 27,

2023.

7. Although Defendant Great Lakes was not properly served with the Summons and Petition until the Oklahoma Insurance Commissioner received the documents on June 27, 2023, *see* 36 O.S. § 621 (stating, "service of process against a foreign or alien insurer shall be made only by service of process upon the Insurance Commissioner"), this removal was effectuated within 30 days of June 7, 2023, the date Mendes & Mount received the Summons and Petition, and it is therefore timely under either date. 28 U.S.C. § 1446(b).

## Grounds for Removal

8. Removal to this Court is appropriate because it is the United States District Court for the District within which the State Court Action was commenced.

9. This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because this Court has original jurisdiction over this controversy based upon the diversity of citizenship of the parties and amount in controversy, as set forth in 28 U.S.C. § 1332 (a)(1).

## Diversity Requirement

10. Specifically, complete diversity of citizenship exists between the parties sufficient for removal pursuant to 28 U.S.C. § 1332 (a), based upon the following:

a. Upon information and belief, at the time the Petition was filed, at the time of removal, and all intervening times, Plaintiff Wagner & Lynch, PLLC, is and was a domestic limited liability company with its principal place of business in Oklahoma and is "at home" in the State of Oklahoma. *See e.g.,* Pet., Ex. 2, at ¶ 2.

b. At the time the Petition was filed, at the time of removal, and all intervening times, Defendant Great Lakes was and is an alien corporation formed under the laws of the Germany, with its principal place of business located in Munich, Germany, and is "at home" in Germany. *See e.g.*, Pet., Ex. 2, at ¶ 1.

## Amount in Controversy Requirement

11. Plaintiff's Petition requests damages "in excess of both seventy-five thousand dollars ($75,000) *and* in excess of the limits under the Policy." Pet., Ex. 2, at p. 4. The Policy limits are set at "two hundred thousand dollars ($200,000.00) for building damage and fifty thousand dollars ($50,000) for personal property loss." *Id.* at ¶ 5.

12. Considering the foregoing, the amount in controversy is satisfied in order for this case to be removed to federal court based upon diversity citizenship pursuant to 28 U.S.C. § 1332 (A). *See* 28 U.S.C. § 1446 (a); *accord*, *Klementovicz v. State Farm Fire & Cas. Co.*, 2019 WL 1379939, at *1–2 (N.D. Okla. Mar. 27, 2019) (quoting *Dart Cherokee*, 574 U.S. at 87–89 (2014)) ("[A]s specified in § 1446 (a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant, the amount in controversy in this matter exceeds $75,000, and therefore removal to this Court is proper. 28 U.S.C. § 1332 (a).

## Non-Waiver of Defenses

13. By this Notice of Removal, Defendant does not waive any of its available defenses, all of which are hereby expressly reserved, and Defendant does not admit to any of the allegations in Plaintiff's Petition.

## Notification of Related Case

14. On March 9, 2023, Plaintiff filed a Counterclaim in the Eastern District of Oklahoma (Case No. OKED CIV-23-52-JAR), which is nearly identical to the Petition herein. *Compare* OKED CIV-23-52-JAR, Dkt. # 13, Counterclaim *with* Pet., Ex. 2.

15. Plaintiff herein requested a jury trial in this case and the related case in the Eastern District of Oklahoma.

## Compliance with 28 U.S.C. § 1446

16. Defendant hereby certifies that it is the sole defendant named in this case, and no other consent is required for removal to this Court.

17. Defendant further certifies that pursuant to 28 U.S.C. § 1446 (d), written notice has been provided to all adverse parties of the filing of this Notice of Removal, and a copy of this Notice of Removal shall be provided to the Clerk of the District Court of Latimer County, Oklahoma, as required by Oklahoma law.

WHEREFORE, Defendant Great Lakes Insurance SE hereby invokes this Court's jurisdiction and prays that the action now proceeding against Defendant in the District Court of Latimer County, State of Oklahoma, bearing Case No. CJ-2023-18, be removed to this Court.

Respectfully submitted,

**DOERNER SAUNDERS DANIEL & ANDERSON, LLP**

_____
Michael S. Linscott, OBA No. 17266
Alexandra J. Gage, OBA No. 33874
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
Telephone: 918.582.1211
Facsimile: 918.591.5360
Email: mlinscott@dsda.com
Email: agage@dsda.com

*Attorneys for Defendant Great Lakes Insurance SE*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 7, 2023, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid to:

Wesley Cherry
FOUNDATION LAW, PLLC
P.O. Box 758
McAlester, OK 74502
*Attorney for Plaintiff*

_____

6579572.2

6