FILED IN MY OFFICE AT
Wilburton, Latimer County, Okla.

MAY 1 0 2023

MELINDA BRINLEE
COURT CLERK

By_____ Deputy

IN THE DISTRICT COURT LATIMER COUNTY
STATE OF OKLAHOMA

WAGNER & LYNCH, PLLC, )
)
      Plaintiff, ) Case No.: CJ-2023-18
)
vs. )
)
GREAT LAKES INSURANCE, SE, )
)
      Defendant. )
)

## PETITION

**COMES NOW** the Plaintiff in this matter, Wagner & Lynch, P.L.L.C. ("W&L") and for its Petition against Great Lakes Insurance, SE ("Great Lakes"), and alleges and states as follows:

### PARTIES

1. Upon information and belief of the Defendant is a German company headquartered in Munich. Great Lakes offers insurance to citizens of the United States, including the State of Oklahoma and the County of Latimer.

2. Plaintiff is a domestic limited liability company with its principal place of business in McAlester, Oklahoma, in Pittsburg County. That Plaintiff has an office in Wilburton, Latimer County, Oklahoma wherein this action is brought.

### JURISDICTION

3. That this Court has jurisdiction to hear this matter pursuant to the general jurisdiction statutes of the State of Oklahoma.

4. The property and insurance policy in question is located in, and the insurance was written for, a structure in Latimer County, Oklahoma. Latimer County is the District Court wherein this matter is filed.

**EXHIBIT 2**

## FACTS

5. On or about June 13, 2022, Great Lakes issued an insurance policy, Policy No. GLP012829, (the "Policy") to the named insured and Plaintiff. The Policy provides coverage for W&L's commercial property located at 123 W. Main St., Wilburton, OK 74578 (the "Property"). The Policy insures the Property at issue with loss limits of two hundred thousand dollars ($200,000.00) for building damage and fifty thousand dollars ($50,000.00) for personal property loss.

6. On or about October 24, 2022, Blake Lynch, on behalf of W&L, made a claim for under the Policy for damage to the Property. Water leaking from a broken pipe leaked into the Property, causing severe damage to the Property. That the damage to the Property also caused the office to be *de facto* inoperable for business.

7. That W&L had Superior Plumbing to assess and fix the issue. During the investigation as to the cause of the water damage, Superior Plumbing determined that a pipe had collapsed, causing water to be unable to drain from the building down through the broken pipe and flow out of the building.

8. That on or about November 29, 2022, Great Lakes issued a denial letter stating exclusions under the Policy for damage to the Property. At this point in time, Plaintiff is unsure of what, if any, actual insurance "adjusting" was done on the part of Great Lakes' agent/adjuster.

9. Once the claim was filed, Blake Lynch contacted the adjuster on this claim on October 28, 2022 and related that "sewer water was running back into the building." What he was unaware of at that point in time was that in actuality, a pipe had collapsed, causing water internal to the structure of the property to be unable to leave the building. It was this

flooding that caused property damage. This recitation of facts was provided to the adjuster for Great Lakes on November 30, 2022, but seemingly ignored by the Defendant due to its desire to deny coverage and refuse to pay the claim.

10. That despite receiving this additional information, Great Lakes stood behind its denial letter and continued to deny its duty to pay out for the loss on the Property under the Policy.

11. Great Lakes has a history of denial of coverage for W&L. *See* Wagner and Lynch v. Great Lakes, 6:17-CV-00280-RAW in the Oklahoma Eastern District. Therein, the same parties were involved, including the same adjuster being involved. This is a pattern and practice of Great Lakes—deny coverage, force litigation, and cause hardship for its insured. Now, not only has Great Lakes denied coverage, but they are seeking to erect procedural fencing around possible claims of their insured, which is indicative of bad-faith insurance practice. By engaging in such practices, Great Lakes is inveigling Plaintiff into insurance contracts, collecting premiums, and denying coverage.

## CAUSE(S) OF ACTION

12. That for their cause of action, W&L maintains that Great Lakes was and is engaging in bad faith insurance practices. Further, that Great Lakes has and is breaching its duty of good faith and fair dealing for its insured, and did so in the fall of 2022.

13. That Great Lakes has breached the contract for insurance that the parties entered-into.

14. That W&L has suffered damages as a result of Great Lakes' acts and omissions.

15. That W&L has been forced and compelled to retain counsel in order to litigate this matter.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this court: 1) award judgment for W&L and against Great Lakes; 2) award damages in excess of both seventy-five thousand dollars ($75,000.00) *and* in excess of the limits under the Policy; 3) award punitive damages; 4) issue an award of attorney fees and costs for W&L and against Great Lakes; and 5) award any other relief to Plaintiff as may be just, equitable, and proper.

DATED this 10th day of May, 2023.

Respectfully submitted by:

*[signature]*

**JURY TRIAL DEMANDED**

**ATTORNEY LIEN CLAIMED**

Wesley J. Cherry, OBA #22851
FOUNDATION LAW, P.L.L.C.
P.O. Box 758
McAlester, OK  74502
(918) 839-6353 Telephone
(888) 622-3181 Facsimile
Wes.FoundationLaw@gmail.com
www.FoundationLawFirm.com
*Attorney for Plaintiff*

## VERIFICATION OF PLAINTIFF

Blake Lynch, being first duly sworn upon her oath, states:

That he is the Petitioner above named; that he has read the above and foregoing document and knows the contents thereof, and that the statements, allegations and facts therein set forth are true and correct to the best of his information, knowledge, and belief.

*[signature]*
Blake Lynch, *Plaintiff*

Appeared before me this 5th day of May, 2023, the Plaintiff so named above, having been known previously to know.

*[signature]*
Notary public

AMANDA LITTLEJOHN
Notary Public, State of Oklahoma
Commission # 22000161
My Commission Expires 01-05-2026