IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) WAGNER & LYNCH, PLLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: CIV-23-226-GLJ |
| vs. ) | |
| ) | *Removed from the District Court of* |
| (1) GREAT LAKES INSURANCE SE, ) | *Latimer County, Oklahoma* |
| ) | *Case No. CJ-2023-18* |
| Defendant. ) | |

## DEFENDANT GREAT LAKES INSURANCE SE'S
## ANSWER TO PLAINTIFF'S PETITION

Defendant Great Lakes Insurance SE ("Great Lakes"), states that the claims in this case are already pending before this Court in Case No. CIV-23-52-JAR. Therefore, this case should be dismissed or consolidated to avoid duplication of claims. Subject to the aforementioned, Great Lakes submits its Answer to Plaintiff's Petition (Dkt. # 2-2) in the above-captioned case, and alleges and states as follows[1]:

### PARTIES

1. Great Lakes admits the allegations contained in Paragraph 1 of Plaintiff's Petition.

2. Great Lakes admits the allegations contained in Paragraph 2 of Plaintiff's Petition.

### JURISDICTION

3. Great Lakes admits the allegations contained in Paragraph 3 of Plaintiff's Petition.

4. Great Lakes admits the allegations contained in Paragraph 4 of Plaintiff's Petition.

---

[1] Defendant inadvertently stated in its Notice of Removal (Dkt. # 2) that Defendant's responsive pleading deadline was set for July 14, 2023. Notice of Removal, Dkt. # 2, ¶ 3. However, the actual responsive pleading deadline under Fed. R. Civ. P. 81(c)(2)(B) is July 18, 2023. Therefore, this Answer is timely.

## FACTS

5. Great Lakes admits the allegations contained in Paragraph 5 of Plaintiff's Petition.

6. With respect to the allegations in Paragraph 6 of the Petition, Great Lakes admits that a claim under the Policy was made on or about October 24, 2022, for water damage to the Property. Great Lakes denies the remaining allegations contained in Paragraph 6 of Plaintiff's Petition.

7. With respect to the allegations in Paragraph 7 of the Petition, Great Lakes admits that W&L called Superior Plumbing to assess and fix the issue and, after snaking the drains and pipes, Superior Plumbing detected a sewer line collapse, causing water to backup into the building on the Property, but Great lakes denies the remaining allegations contained Paragraph 7 of Plaintiff's Petition.

8. With respect to the allegations in Paragraph 8 of the Petition, Great Lakes admits that a denial letter noting certain exclusions under the Policy as well as other matters, as stated in the denial letter, was issued on or about November 29, 2022. Great Lakes denies the remaining allegations in Paragraph 8 of Plaintiff's Petition.

9. With respect to the allegations in Paragraph 9 of the Petition, Great Lakes admits that Blake Lynch contacted the adjuster on this claim on or about October 28, 2022, and relayed that "sewer water was running back into the building," and that a pipe had collapsed. Great Lakes also admits that Blake Lynch sent a letter on November 30, 2022, reciting that the water was unable to leave the building. However, Great Lakes denies the remaining allegations contained in Paragraph 9 Plaintiff's Petition.

10. With respect to the allegations in Paragraph 10 of the Petition, Great Lakes admits that it considered the new information and contentions of Plaintiff and denied the claim as stated in the correspondence to Plaintiff; otherwise all other allegations in Paragraph 10 are denied.

11. Great Lakes denies the allegations contained in Paragraph 11 of Plaintiff's Petition.

## CAUSE(S) OF ACTION

12. Great Lakes denies the allegations contained in Paragraph 12 of Plaintiff's Petition.

13. Great Lakes denies the allegations contained in Paragraph 13 of Plaintiff's Petition.

14. Great Lakes denies the allegations contained in Paragraph 14 of Plaintiff's Petition.

15. Great Lakes denies the allegations contained in Paragraph 15 of Plaintiff's Petition.

## PRAYER FOR RELIEF

Great Lakes denies the allegations, if any, contained in the WHEREFORE clause of Plaintiff's Petition.

## AFFIRMATIVE DEFENSES

Great Lakes asserts the below affirmative defenses in response to the claims in Plaintiff's Petition, some stated only in the alternative:

1. The Petition fails to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred, in whole or in part, by claim preclusion and/or issue preclusion because the claims are already in litigation in another case (Case No. CIV-23-52-JAR).

3. Plaintiff's claims may be barred due to duplicative litigation because the claims are already at issue in a previously-filed case (Case No. CIV-23-52-JAR).

4. Plaintiff's claims should be consolidated because they were already at issue in a previously-filed case (Case No. CIV-23-52-JAR).

5. Plaintiff is not entitled to recover on its Petition because Great Lakes complied at all times with the terms and conditions of the Policy.

6. Plaintiff is not entitled to recover on its Petition because there was a legitimate dispute as to coverage or amount of the claim.

7. Plaintiff's claims against Great Lakes, none of which are admitted, are barred, in whole or in part, because the insured has a duty to read and examine the contents of the Policy before accepting and paying a premium and the insured is charged with the knowledge and legal effect of the Policy terms once the premium has been paid.

8. Plaintiff's Petition fails to identify any term of the Policy that was breached by Great Lakes, and Great Lakes did not breach any term of the Policy.

9. Plaintiff has failed, in whole or in part, to mitigate its damages, if any.

10. Plaintiff's claims are barred, in whole or in part, by waiver and/or estoppel.

11. Plaintiff's claims are barred in whole or in part, for lack of conditions precedent as required under the Policy.

12. Plaintiff's claims are barred, in whole or in part, because Great Lakes' conduct did not breach the duty of good faith and fair dealing.

13. Plaintiff's claims are barred, in whole or in part, by certain exclusions under the Policy.

14. Plaintiff's claims against Great Lakes, none of which are admitted, are barred, in whole or in part, because the terms of the Policy were clear and unambiguous.

15. Plaintiff's claims are barred, in whole or in part, by the doctrine of performance.

16. Plaintiff's claims are barred, in whole or in part, reduced, and/or limited by Plaintiff's own contributory negligence.

17. Plaintiff's claims are barred, in whole or in part, reduced, and/or limited by the negligence or other conduct of other third persons over whom Great Lakes had no control.

18. Any oral discussions or representations made prior to execution of the written Policy are superseded by the terms of the Policy.

19. Plaintiff's claims for punitive damages are barred or at least limited, in whole or in part, by the Oklahoma Constitution and statutes and by the United States Constitution along with any Amendments and interpretive law, by the limitations and requirements on such damages.

20. Great Lakes reserves its right to amend its Answer and Affirmative Defenses as discovery has yet to begin and until further facts are developed.

WHEREFORE, all premises considered, Defendant Great Lakes Insurance SE respectfully requests that judgment be entered in its favor and against Plaintiff, Wagner & Lynch, PLLC, dismissing Wagner and Lynch's claims with prejudice and awarding Great Lakes all other relief to which it is entitled at law and in equity.

> DOERNER, SAUNDERS, DANIEL
> & ANDERSON, L.L.P.
>
> By:  *s/ Alexandra J. Gage*
>      Michael S. Linscott, OBA No. 17266
>      Alexandra J. Gage, OBA No. 33874
>      Two West Second Street, Suite 700
>      Tulsa, OK  74103-3117
>      Telephone 918.591.5271
>      Facsimile 918.925.5271
>
>      *Attorneys for Defendant Great Lakes Insurance SE*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of July, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

      Wes.foundationlaw@gmail.com

      *s/ Alexandra J. Gage*

8000475.1